UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN MCFERRIN, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>HOWMET CASTINGS AND )<br>SERVICES, INC., and ALCOA, )<br>INC. d/b/a ALCOA HOWMET, )<br>    Defendants. ) | CAUSE NO.: 3:15-CV-35-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 17], filed by Defendants Howmet Castings and Services, Inc., and Aloca, Inc. d/b/a/ Alcoa Howmet on November 23, 2015. Plaintiff Steven McFerrin filed a response on December 21, 2015, and on December 30, 2015, Defendants filed a reply.

## PROCEDURAL BACKGROUND

On December 18, 2014, Plaintiff filed his Complaint in the Laporte Superior Court in Michigan City, Indiana, raising assorted claims of common law negligence against Defendants. The case was removed to this Court on January 23, 2015.

On May 14, 2015, upon the oral consent of the parties, the case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGEMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

# FACTS[1]

On May 1, 2010, Howmet Castings and Services, Inc., and Howmet Transportation Services entered into a three-year agreement with Transport Drivers, Inc. (TDI). Howmet Castings and Howmet Transport (Howmet) are affiliated sister companies owned by Alcoa, Inc. Under the terms of the three-year agreement, TDI agreed to provide Howmet with licensed truck drivers for use in inter – and intra – state commerce. The truck drivers TDI provided to Howmet worked at Howmet facilities, but remained employees of TDI. To that end, TDI paid their wages and taxes, and retained total control over labor negotiations, employee grievances, and collective bargaining. Plaintiff was one of the many truck drivers provided by TDI to Howmet pursuant to the agreement.

On January 3, 2013, Plaintiff's right foot was run over by a forklift while working in a Howmet warehouse. On June 24, 2014, Plaintiff filed a claim with the Workers Compensation Board of Indiana, seeking damages from Howmet and Alcoa related to that injury. On November 14, 2014, the parties settled Plaintiff's workers compensation claim.

# ANALYSIS

As a threshold matter, in his response to the instant Motion, Plaintiff represents that he agrees that Alcoa is entitled to summary judgment on his claims against it because Alcoa did not owe a duty to Plaintiff with respect to the working conditions in Howmet's warehouse. Accordingly, noting the parties' agreement, the instant Motion is granted as to Alcoa.

Howmet argues that it is entitled to summary judgment on the claims Plaintiff asserts against it because the Indiana Workers Compensation Act provides Plaintiff's exclusive remedy for the injury he sustained while working at its warehouse. Howmet specifically argues that both it and TDI

---

[1] The facts as included here are those that are undisputed and directly relevant to the issues addressed herein.

are Plaintiff's joint employers under the Indiana Workers Compensation Act. Plaintiff counters that he is not an employee of Howmet; therefore, the exclusive remedy provision of the Indiana Workers Compensation Act does not apply in this case.

The Indiana Workers Compensation Act provides the exclusive remedy for "recovery of personal injuries arising out of and in the course of employment." *Taylor v. Ford Motor Co.*, 944 N.E.2d 78, 81 (Ind. Ct. App. 2011) (citing Ind. Code. § 22-3-2-6). "[T]he Act bars a court from hearing any common law claim bought against an employer for an on-the-job injury." *Id.* The Act further provides that "[a] parent corporation and its subsidiaries shall each be considered joint employers of the corporation's, the parent's, or the subsidiaries' employees" and "[both] a lessor and lessee of employees *shall each be considered joint employers of the employees provided by the lessor to the lessee*." *Id.* (emphasis added).

In this case, the parties' three-year agreement, entitled Master for Procurement of Services, provides, in relevant part:

> Driver Lease Attachment "A." WITNESSETH. WHEREAS, The Company within the scope of and in furtherance of its non-transportation primary business desires to conduct a common contract carriage operation; and WHEREAS, The Company desires to utilize competent and qualified motor vehicle drivers to implement its common contract carriage operation; and WHEREAS, The Seller has in its employ qualified drivers and is desirous of supplying drivers that the Company may use in its common contract carriage operations.

Plaintiff argues that the parties' three-year agreement was for the procurement of services, not the lease of employees. However, Attachment A of the agreement, entitled Driver Lease, plainly provides for the lease of truck drivers between TDI and Howmet.

Plaintiff also argues that because TDI paid the truck drivers' wages and taxes and retained

4

total control over their labor negotiations, grievances, and collective bargaining, the relationship between TDI and Howmet was similar to that of a contract between a general contractor and subcontractor, rather than a lessor and lessee. However, Plaintiff has offered no support for this argument or any case where a court looking at similar facts found a contractor/subcontractor relationship, rather than a lessor/lessee. Moreover, even assuming that the parties intended that the truck drivers TDI provided to Howmet were to remain only TDI employees, their agreement explicitly provided for the *lease* of truck drivers. The Indiana Workers Compensation Act requires that both a "lessor and lessee of leased employees shall be considered joint employers of the employees provided by the lessor to the lessee," and the Court will not add an exception to the Act that the Indiana General Assembly declined to adopt. Ind. Code. § 22-3-2-6; *see Romie v. Gagle*, 782 N.E.2d 369, 379 (Ind. Ct. App. 2003) (holding that when the word shall appears in a statue, the court will construe it as a mandatory provision); *Taylor*, 944 N.E.2d at 81 (parties cannot contract out of the exclusive remedy provision of the Indiana Workers Compensation Act).

This case is very similar to *Taylor*. In *Taylor*, the plaintiff, an employee of Visteon Corporation, filed a negligence claim against the Ford Motor Company and Automotive Components Holdings (ACH) after suffering an injury at a factory owned by Ford and operated by ACH. 944 N.E.2d at 79. The Indiana Court of Appeals affirmed the lower court's dismissal of Plaintiff's claims under the Indiana Workers Compensation Act. *Id.* The Indiana Court of Appeals reasoned that the although the agreement between the parties provided that the plaintiff remained solely an employee of Visteon and that Visteon would pay all employee benefits and wages, the exclusive remedy for the plaintiff's injury was before the workers compensation board because plaintiff was leased by Visteon to Ford and ACH. Similarly, in this case, that TDI paid Plaintiff's

5

wages and taxes and that he remained TDI's employee is of no legal consequence to his remedy. By operation of the parties' three-year agreement, which included an attachment entitled Driver Lease, both TDI and Howmet are Plaintiff's joint employers. Therefore, the exclusivity provision of the Indiana Worker Compensation Act is applicable to Plaintiff's common law claims against Howmet pending before the Court. Accordingly, Plaintiff's sole remedy for the injuries he sustained while working at Howmet's warehouse is before the Workers Compensation Board of Indiana and Howmet "must prevail as a matter of law." *Dempsey*, 16 F.3d at 836.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment [DE 17] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Howmet Castings and Services, Inc., and Aloca, Inc. d/b/a/ Alcoa Howmet against Plaintiff Steve McFerrin as to all claims in Plaintiff's Complaint, and **DENIES as Moot** the Joint Motion to Extend Case Management Deadlines [DE 22].

SO ORDERED this 1st day of June, 2016.

            s/ John E. Martin
            MAGISTRATE JUDGE JOHN E. MARTIN
            UNITED STATES DISTRICT COURT

cc:  All counsel of record